## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 07-20170-CIV-HUCK/SIMONTON

THE HERTZ CORPORATION,

      Plaintiff,

v.

ADALBERTO FELIBERTI GUTIERREZ, HIS
WIFE NOELIA GUTIERREZ, AND THE
CONJUGAL COMMON LAW INDEMNITY
PARTNERSHIP COMPRISED BY THEM BOTH,
and YUSEF GUTIERREZ SANCHEZ,

      Defendants.

_____/

### ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT

This matter is before the Court on Defendants, Adalberto Gutierrez-Feliberti, Noelia Gutierrez, The Conjugal Partnership, and Yusef Gutierrez Sanchez's Motion to Dismiss First Amended Complaint, filed February 7, 2007 (DE #51).  The Court has considered the Motion, Plaintiff, The Hertz Corporation's ("Hertz") Response thereto, and Defendants' Reply in further support thereof.  The Court is duly advised in the premises.

### BACKGROUND

On January 17, 2002, Defendant Adalberto Gutierrez-Feliberti rented a vehicle from Hertz at the Miami International Airport pursuant to a written rental agreement.  Mr. Gutierrez-Feliberti purchased a liability insurance supplement which provided up to $1,000,000 in coverage.  Neither the rental agreement nor the insurance supplement provided for any authorized drivers other than Defendant Gutierrez-Feliberti.

On January 18, 2002, Defendant Gutierrez-Feliberti's son, Defendant Yusef Gutierrez, was driving the rented vehicle when it was involved in an accident which resulted in severe bodily harm

-1-

to Yussef's mother, Defendant Noelia Gutierrez.  The rental vehicle was declared a total loss.

After the accident, Defendant Noelia Gutierrez made an "extrajudicial claim"[1] against Hertz in Florida and, on March 30, 2005, Hertz settled the claim for $600,000.  In turn, Defendant Noelia Gutierrez released Hertz from any further claims, and released Defendants Adalberto Gutierrez-Feliberti and Yusef Gutierrez (her husband and son, respectively) for up to the amount of the settlement.

In this action, Hertz is suing every member of the Gutierrez family, as well as the conjugal partnership between Defendants Adalberto Gutierrez-Feliberti and Noelia Gutierrez for contractual indemnification pursuant to the rental agreement and common law indemnification.  Defendants seek dismissal of Hertz's claim for contractual indemnification because, among them, only Defendant Gutierrez-Feliberti was a party to the rental agreement containing the indemnification provision upon which Hertz relies.  Defendants seek dismissal of Hertz's claims for common law indemnification insofar as it seeks indemnity from the Defendants not alleged to be at fault for Noelia Gutierrez's injuries.

## STANDARD ON A MOTION TO DISMISS

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir. 1994)(quoting *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)).  Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff.  *See Hummings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low.  *See Ancata v. Prison Health Systems, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)(citations omitted); *Jackam v. Hospital Corp. of America Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1983).  "[U]nless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

---

[1] The First Amended Complaint does not describe the nature of Defendant Noelia Gutierrez's claim.

relief," the complaint should not be dismissed on grounds that it fails to state a claim upon which relief can be granted. *M/V Sea Lion V v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994)(citations omitted). Nevertheless, to survive a motion to dismiss, plaintiff must do more than merely "label" his claims. *Blumel v. Mylander*, 919 F. Supp. 423, 425 (M.D. Fla. 1996). Moreover, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). With the foregoing standard in mind, the Court considers Defendants' Motion to dismiss Hertz's First Amended Complaint.

## ANALYSIS

### I.    Hertz's Claim for Contractual Indemnification

Defendants first argue for dismissal of Hertz's contractual indemnification claim because only Defendant Gutierrez-Feliberti executed the rental agreement upon which the claim is based. As such, Defendants argue that only Defendant Gutierrez-Feliberti is properly subject to Hertz's claim for indemnity under the contract. Indeed, paragraph 10(c) of the rental agreement only requires Defendant Gutierrez-Feliberti "and all operators" of the rental vehicle to indemnify and hold harmless Hertz. The form contract provides no basis for the proposition that Defendant Noelia Gutierrez or the Conjugal Partnership between her and Defendant Gutierrez-Feliberti are required also to indemnify Hertz. As such, the indemnity provision, on its face, appears only to apply to Defendant Gutierrez-Feliberti, as the indemnitor under the agreement, and his son Defendant Yusef Gutierrez, as an "operator" of the vehicle.

Hertz, however, argues that because it originally filed this action in Puerto Rico, that jurisdiction's laws concerning the joint liability of husbands and wives requires joinder of both Defendant Noelia Gutierrez and the Conjugal Partnership as Co-Defendants in this action. The Court disagrees. As was determined by Senior District Judge Guiminez, who presided over this matter prior to its transfer from the District of Puerto Rico,

> ". . . the terms of Hertz's car rental agreement stipulate that the prevailing law in the interpretation and governance of the relationship between the contracting parties shall be the law wherein the rental of the vehicle takes place. In that case, Plaintiff's claims are to be decided according to the law of the state of Florida."

-3-

OPINION AND ORDER, entered Nov. 28, 2006 in Civ. Case No. 06-1222 before the District Court for the District of Puerto Rico, D.E. # 38.

Under Florida law, there is no basis for joining Defendant Gutierrez-Feliberti's wife or the Conjugal Partnership created by operation of Puerto Rican law as co-defendants in an action for indemnification pursuant to a contract executed only by Defendant Gutierrez-Feliberti. To the contrary, Florida's statute of frauds provides that:

> [n]o action shall be brought . . . whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person . . .unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.

§725.01, Florida Statutes.

Thus, an indemnity agreement that is not signed by the purported indemnitor is unenforceable under Florida law. *See Fidelity and Deposit Co. Of Maryland v. Tom Murphy Const. Co.*, Inc., 674 F.2d 880 (11th Cir. 1982). Here, neither Defendant Noelia Gutierrez nor Defendant Yusef Gutierrez signed the rental agreement with Hertz. Furthermore, Defendant Gutierrez-Feliberti did not sign the agreement on behalf of his wife or the Conjugal Partnership. Accordingly, Hertz's claim for contractual indemnity pursuant to paragraph 10(c) of its rental agreement with Defendant Gutierrez-Feliberti is appropriate only with respect to that Defendant. Therefore, the claim must be dismissed as to the remaining Defendants.


## II.     Hertz's Claim for Common Law Indemnity

Defendants move for dismissal of Hertz's claim for common law indemnity for failing to state a claim against the Defendants not alleged to be at fault for the damages which resulted in Hertz's settlement with Defendant Noelia Gutierrez. "Indemnity is a right which inures to one who discharges a duty owed by him, but which, as between himself and another, should have been discharged by the other and is allowable only where the whole fault is in the one against whom indemnity is sought." *Houdaille Industries, Inc. v. Edwards*, 374 So.2d 490, 492-93 (Fla. 1979). "It shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who

should bear the costs because it was the latter's wrongdoing for which the former is held liable." *Id.* at 493 (citations omitted).  Hertz claims that it is entitled to indemnity from *all* of the Defendants, even though it alleges absolutely no fault at all on the part of Defendants Noelia Gutierrez or the Conjugal Partnership between her and her husband.  Hertz alleges that Defendant Yusef Gutierrez's negligence  caused of the accident at issue.  Although Hertz additionally claims in its count for common law indemnity that Defendant Gutierrez-Feliberti breached the rental agreement by allowing his son, Yusef, to drive the rental car, Hertz does not allege that Gutierrez-Feliberti was negligent in doing so or that such breach was the cause of the accident which gave rise to Hertz's liability to Defendant Noelia Gutierrez.  Nor does Hertz claim that Defendants Gutierrez-Felibert or his wife, Noelia, are vicariously liable for their son's negligence.  Accordingly, Hertz's claim for common law indemnity must be dismissed insofar as it is directed at Defendants Gutierrez-Feliberti, Noelia Gutierrez, or the Conjugal Partnership.

<u>**CONCLUSION**</u>

For all the foregoing reasons and authorities, it is hereby

ORDERED that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint is GRANTED.  Plaintiff's claim for contractual indemnity is DISMISSED with prejudice as to all Defendants except Defendant Gutierrez-Feliberti.   Plaintiff's claim for common law indemnity is DISMISSED without prejudice as to all Defendants except Defendant Yusef Gutierrez. Plaintiff may file a Second Amended Complaint on or before April 16, 2007.

DONE AND ORDERED in Chambers, Miami, Florida, this April 6, 2007.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Honorable Andrea M. Simonton
All Counsel of Record

-5-