UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-20170-CIV-HUCK/SIMONTON

THE HERTZ CORPORATION,

    Plaintiff,

v.

ADALBERTO FELIBERTI GUTIERREZ, HIS WIFE NOELIA GUTIERREZ, AND THE CONJUGAL COMMON LAW INDEMNITY PARTNERSHIP COMPRISED BY THEM BOTH, AND CLAIM YUSEF GUTIERREZ SANCHEZ,

    Defendants.

_____/

## ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on Defendants' (1) Motion for Summary as Sanction for Spoilation of Evidence, filed April 25, 2007, and (2) Defendants' Motion for Summary Judgment Dismissing Plaintiff's ("Hertz") Contribution Claim, filed April 27, 2007. The Court has reviewed the Motions, Hertz's Responses thereto, and Defendants' Reply in further support of their Motion related to Hertz's alleged spoilation of evidence (Defendants did not file a reply in further support of their Motion related to Hertz's contribution claim). Additionally, the Court heard argument on both Motions at a hearing held on June 1, 2007. The Court is duly advised in the premises.

In the Motion related to Hertz's alleged spoilation of evidence, Defendants argue that Hertz failed to preserve the rental vehicle involved in the accident from which this case arose, thereby preventing them from effectively defending the case. Defendants' seek dismissal of the action for Hertz's alleged spoilation of the evidence. For the reasons given in open court, the Court DENIES Defendants' Motion for Summary Judgement as Sanction for Spoilation of Evidence. Genuine issues of material fact remain with respect to whether Hertz breached its duty to preserve the vehicle involved in the subject accident and, if so, whether Defendants were prejudiced. Accordingly, summary judgment on those issues is inappropriate.

In the Motion related to Hertz's contribution claim, Defendants argue that the claim is untimely pursuant to §783.31(4)(d), Florida Statutes. That section requires that actions for

contribution be commenced within one year of the plaintiff's discharge of common liability. Defendants argue that Hertz presented its claim for contribution for the first time in the Second Amended Complaint filed April 16, 2007 – more than two years after Hertz settled Noelia Gutierrez's claim on March 30, 2005.  For the reasons given in open court at the hearing on the Motion, the Court also DENIES Defendants' Motion for Summary Judgement Dismissing Plaintiff's Contribution claim. The Court finds that, pursuant to Rule 15(b), Federal Rules of Civil Procedure, Hertz's contribution claim relates back to the filing of its initial Complaint in this matter in the District of Puerto Rico on March 3, 2006 – less than one year after its settlement with Noelia Gutierrez. Accordingly, it is

ORDERED that Defendants' Motion for Summary as Sanction for Spoilation of Evidence, filed April 25, 2007 is DENIED. It is further

ORDERED that Defendants' Motion for Summary Judgment Dismissing Plaintiff's Contribution Claim, filed April 27, 2007 is DENIED.

DONE AND ORDERED in Chambers, Miami, Florida, this June 4, 2007..

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All Counsel of Record